United States District Court
Southern District of Texas
**ENTERED**
July 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOWARD SINGLETON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00030 |
| | § | |
| RICK FREYMANN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO REMAND

Pending is Plaintiff's Memorandum and Motion to Remand. (D.E. 7). Defendant State Farm Lloyds has filed a Response (D.E. 8) to which Plaintiff has filed a Reply (D.E. 11). Plaintiff's Motion to Remand has been referred to the undersigned Magistrate Judge. (D.E. 12). For the reasons set forth below, the undersigned **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED**. (D.E. 7).

## I.    BACKGROUND

Plaintiff alleges this case arises out of a severe winter storm which occurred in February 2021. Plaintiff's residence in Corpus Christi, Texas lost electricity and as a result, a water pipe in his attic froze and cracked. The damaged pipe leaked and caused damage to the residence that was not immediately apparent. Plaintiff's residence was covered by a State Farm Insurance Policy. Plaintiff made an initial claim on his policy in June of 2021. On August 2, 2021, after an inspection Plaintiff's claim was denied because State Farm believed the damage was due to a leaky roof, not a damaged pipe. In March of 2024,

Plaintiff received a report from a Plumber who opined the damage was in fact due to a frozen pipe. Plaintiff submitted this information to his insurer who again denied the claim on June 4, 2024.

On February 8, 2024, Plaintiff filed his Original Complaint in state district court in Nueces County, Texas, raising claims for breach of contract and warranty, deceptive trade practices and insurance code violations, breach of good faith and fair dealing, negligent hiring and supervision and other claims. (D.E. 1-2). *See Estate of Howard Singleton v. State Farm Lloyds, et al.*, No. 2024DCV-0536-E, 148th Judicial District Court, Nueces Co., Tex. (Feb. 8, 2024) (Complaint). Plaintiff's Original Complaint included a demand for damages, including economic damages and attorney's fees. Plaintiff named as defendants several State Farm entities, including: (1) State Farm Insurance; (2) State Farm Insurance Lloyds of Texas; and (3) State Farm Lloyds, Inc. He further alleged State Farm Lloyds, Inc. is a Texas Corporation. Plaintiff also alleged damages over $250,000 but not more than $1,000,000.00. (D.E. 1-2).

On March 25, 2024, Defendants filed Answers in State Court specifically stating Plaintiff had sued the incorrect party. (D.E. 1-2, pp. 27-41). Defendant State Farm Lloyds, Inc.'s Original Answer and Verified Denial states that: "State Farm Lloyds, Inc. did not issue the policy of insurance that is the basis of Plaintiff's suit. State Farm Lloyds issued the policy of insurance that underlies Plaintiff's claims." (D.E. 1-2, p. 27).

On March 28, 2024,[1] State Farm Lloyds removed the state action to this Court. (D.E. 1-2, p. 43). (D.E. 1-2, p. 43). The first notice of Notice of Removal can be found in the instant case at *Docket Entry* 8-1, p. 2, however, it was assigned a different case number than the instant case. *See Estate of Howard Singleton v. State Farm Lloyds, et al.*, No. 2:24-cv-00071 (S.D. Tex. removed Mar. 28, 2024) ("*Singleton I*"). In *Singleton I*, Plaintiff moved to remand based on lack of complete diversity among the defendants. On July 25, 2025, United States District Judge David Morales granted the Motion to Remand because the removing Party, State Farms Lloyds, was not a named defendant and did not have the authority to remove the case. *Singleton I*, No. 2:24-cv-00071, D.E. 13.

On July 30, 2024, after remand to the state court, Plaintiff filed his Amended Petition. (D.E. 1-2, p. 49). In the Amended Petition, Plaintiff added as defendants Proximity Fire Claims and a number of State Farm entities using a/k/a or d/b/a identifiers including State Farm Lloyds. Plaintiff also named the following individuals as defendants who are alleged to reside in Texas: Leslie Koontz, Robert "Bobby" Lee Hyatt III, Erica Williams, and Ricky Freyman. (D.E. 1-2). Ms. Koontz, Mr. Hyatt and Mr. Freeman filed Answers in the state court. (D.E. 1-2, pp. 72-77; 88-89). On October 1, 2024, in the state court, State Farm Lloyds filed a Plea in Intervention stating it has an interest in the suit, is the correct party defendant, and the other State Farm entities either do not exist or are

---

[1] The Notice of Removal contains a typographical error stating that the case was removed on March 28, 2023, but the certificate of service indicates the correct year was 2024. (D.E. 1-2, pp. 43-44).

3 / 17

improper defendants.[2] (D.E. 1-2, p. 80). State Farm Lloyds maintained, and still maintains, it is the only proper defendant in this action.

On January 30, 2025, State Farm Lloyds, as Defendant and Intervenor, filed its second Notice of Removal. (D.E. 1). State Farm Lloyds argues removal is appropriate because there is complete diversity of the parties and the amount in controversy exceeds $75,000.00. State Farm Lloyds also argues the individual defendants have been improperly joined for purposes of defeating diversity jurisdiction.  State Farm Lloyds further argues State Farms Lloyds, Inc. exists but is not the appropriate State Farms entity to serve as the defendant in this case. State Farm Lloyds further argues the other named State Farm entities and Proximity Fire Claims do not exist. (D.E. 1).

On February 28, 2025, Plaintiff filed the instant Opposed Motion to Remand. (D.E. 7).  Plaintiff argues the removal was untimely and there is no diversity jurisdiction in this case because there is not complete diversity, and he "believes" the amount in controversy will be less than $40,000.00. (D.E. 7). State Farm Lloyds has filed a Response to which Plaintiff filed a Reply. (D.E. 8; D.E. 11).

## II.    LAW

United States District Courts are courts of limited jurisdiction and may only hear a case if it involves a question of federal law or where diversity of citizenship exists between

---

[2] Defendant State Farm Lloyds notes it is listed in the opening paragraph of the Amended Complaint but not in the "Parties and Service" section and Plaintiff did not request a citation be issued or served. Thus, State Farm Lloyds filed the Motion to Intervene. Defendant also notes Plaintiff argued to the District Court in *Singleton I* that he had not and did not intend to sue State Farm Lloyds. (D.E. 1).

the parties. 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1332(a), "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between – (a) citizens of different states." "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

When an action is filed in state court, a defendant may remove the case to federal court on the basis of diversity jurisdiction, if the case could have been filed by the plaintiff in federal court. 28 U.S.C. § 1441. A plaintiff may move to remand a case from federal court back to state court if federal jurisdiction is lacking. 28 U.S.C. § 1447.

On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* The removing party may prove improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

In the present case, there is no allegation of fraud in the pleading of jurisdictional facts so only the second factor is at issue. The Court resolves the ability or inability of Plaintiff to establish a cause of action against a nondiverse defendant by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *see also Boone*, 416 F.3d at 388; *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In determining whether a viable claim has been made against a non-diverse defendant, the state pleading is evaluated pursuant to state substantive law. *Paxton v. Weaver*, 553 F.2d 936, 940 (5th Cir. 1977). The Court does "not determine whether the plaintiff will actually or even probably prevail on the merits of [his or her state law] claim, but look[s] only for a possibility that the plaintiff might do so." *Guillory*, 434 F.3d at 308. Ordinarily, if the plaintiff can survive the pleading evaluation, there is no improper joinder. *See Smallwood*, 385 F.3d at 573. The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). The existence of a viable claim is determined according to federal pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Under federal standards, the pleadings must allege sufficient facts to demonstrate the claim alleged is plausible rather than speculative. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

If defendants fail to establish improper joinder, then there is not complete diversity of citizenship among the parties, and the Court must remand the action for lack of subject-matter jurisdiction. *See* 28 U.S.C. §§ 1332, 1447(c).

Federal court jurisdiction based on diversity also requires an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.  For purposes of removal, normally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  When a Plaintiff alleges a specific amount in damages, that amount is accepted if made in good faith. *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 87 (2014).  In the present case, Plaintiff does not seek a specific amount, rather Plaintiff seeks "monetary relief of $250,000 or less, and non-monetary relief." (D.E. 1-2, p. 47).  When a plaintiff does not allege a specific dollar amount of damages, Courts have taken different approaches to determining the amount in controversy.  *See Werder v. Allstate Fire & Cas. Ins. Co.,* 731 F. Supp. 3d 724, 734 (N.D. Tex. 2024).  However, in such cases where the amount of controversy is not clear from the face of the pleading, a generally accepted approach is that the removing party bears the burden of establishing by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount. *Id.*

Additionally, a defendant has a right to seek subsequent removals after remand. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *Browning v. Navarro*, 743 F.2d 1069, 1079-80 n.29 (5th Cir. 1984)). "As a general rule, once a case is

remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground.*" *Id.* (emphasis in original).

## III.    ANALYSIS

The undersigned recommends the Court strictly construe the removal statute and remand this case to state court because: (1) the removal is untimely and (2) the removing party has not established the parties are entirely diverse.

### A.  The Removal is Untimely

Regarding the timing or deadline to file a notice of removal, Section 1446(b)(1) provides:

> **(b) Requirements; generally.--(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> Section 1446(b)(3) of Title 28 provides:
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Section 1446(c)(1) imposes a one-year limitation period for cases removed under section (b)(3) unless the Court finds the plaintiff acted in bad faith to prevent a defendant from removing and action.

Defendant State Farm Lloyds argues its initial motion to remand in *Singleton I* was timely filed.  Therefore, the defendant argues that because the removal in the instant federal action was filed within the one-year limitation period, the subsequent removal is timely. (D.E. 8, p. 3).  Defendant does not address Section 1446(b)(3) which imposes a 30-day deadline when the initial pleading is not removeable.  In *Singleton I,* Judge Morales found State Farms Lloyds was not a named defendant and did not have the authority to remove the case. (*Singleton I*, No. 2:24-cv-00071, D.E. 13).  Thus, the case was not removeable at that time, at least as to State Farm Lloyds. The case was remanded back to State Court on July 25, 2024.

On July 30, 2024, Plaintiff filed his Amended Petition naming State Farm Lloyds as a defendant.  Plaintiff served a copy of the Amended Petition on State Farm Lloyds on July 30, 2024. (D.E. 7-2, pp. 22-24). State Farms Lloyds had previously appeared in the state action by filing an Original Answer and Affirmative Defenses; therefore, it appears service was administered electronically rather than through a process server. (D.E. 1-2, p. 4; D.E. 1-2, pp. 29-42). On October 1, 2024, State Farm Lloyds filed a Plea in Intervention in the State Court. (D.E. 1-2, pp. 5-6).  State Farm Lloyds filed its second notice of removal on July 30, 2025. (D.E. 1-2, p. 43).

Because the case was not removeable when Plaintiff filed his Initial Petition, under Section 1446(b)(3), State Farm Lloyds had "30 days [to file its notice of removal] after receipt by the defendant, through service or otherwise, of a copy of

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Whether the triggering date is the date State Farm Lloyds was served with the Amended Petition (July 30, 2024) or the date State Farm Lloyds filed its Plea in Intervention (October 1, 2024) is of no import because the date of re-removal (January 30, 2025) was more than 30 days from either of those dates.  The removal statue is construed strictly in favor of remand. *Manguno*, 276 F.3d at 723. Sometimes the strict construction of rules and statutes come as a surprise to a litigant. Such is not the case here. State Farms Lloyd has been participating in this litigation prior to the first removal with the assistance of counsel, was aware of the proceedings, had appeared and wanted the case to be removed to federal court. State Farms Lloyds has not presented any reason why it did not file the notice of removal within 30 days. The failure of State Farm Lloyds to timely remove the action in accordance with Section 1446(b)(3) warrants remand.

### B.  The Removing Party Has Not Established Complete Diversity

State Farms Lloyds argues the case is not entirely diverse because the Texas defendants are fraudulently joined. It further argues Plaintiff's claims against the individual defendants are not supported by any facts and fail to state plausible claims. Additionally, Plaintiff's claims against the individual defendants are for violations of the duty of good faith and fair dealing, the DTPA, and the and the Texas Insurance Code. State Farms Lloyds argues these defendants cannot be liable for breach of contract because they are not parties

to any contract with Plaintiff. Additionally, Plaintiff's claims against the individual defendants have a two-year limitations period, as Plaintiff's claim was denied on August 2, 2021, and suit was filed on February 8, 2024, these claims are barred by limitations. (D.E. 8-3, p. 5; D.E. 1-8).   Further, the named entities State Farm Insurance, State Farm, State Farm Fire Claims, Proximity Fire Claims, and State Farm Insurance Lloyds of Texas do not exist. (D.E. 1-3). State Farm Lloyds maintains it is the only viable defendant for Plaintiff's claims and it is not a resident of Texas. *See Castillo v. State Farm Lloyds*, 210 F. App'x 390, 393 (5th Cir. 2006) (Finding absent specific claims of wrongdoing by State Farm Lloyds, Inc., as the attorney in fact for State Farms Lloyds, it is not individually liable).

Defendant State Farm Lloyds makes strong arguments on most of its points.   The individual defendants were added after the initial remand which is some indication the nondiverse defendants were added to defeat jurisdiction. The amended complaint generally lumps all defendants together in general pleadings and does not list many facts relating to most of the individual defendants. With regard to State Farms Lloyds, Inc. being an appropriate defendant, State Farm Lloyds is correct that, absent unusual circumstances, State Farms Lloyds, Inc. as an attorney in fact would not normally be liable in place of the underwriter.  *Castillo,* 210 Fed. Appx. at 393. However, State Farm Lloyds has not met its burden of establishing complete diversity as to Defendant Koontz.[3]

---

[3] Koontz is a licensed agent in Texas with an address in Corpus Christi, Texas. State Farm Lloyds does not argue Koontz is nondiverse, but rather, that he is not a viable defendant and was fraudulently joined to defeat diversity jurisdiction.

Plaintiff alleged specific facts against Defendant Koontz, an adjuster, in his Amended Petition:

> Defendants' adjuster told Plaintiff that based upon her 'inspection' the cause of the damage was a leaking roof, not a freeze damages pipe in the attic. However, Defendants' adjuster did not even go in the attic to see that the cause had been a cracked pipe and that there was no roof leak. While adjuster Leslie Koontz failed to inspect the attic area for the cause of the damage, adjuster Leslie Koontz exceeded her permission of entry and took irrelevant photos of Plaintiff's entry door, living room, and the outside of the house which did not have any storm damage . . . Leslie Koontz trespassed to document/photograph other areas of Plaintiff's insured home which were not damaged to support the defendants' insurance claim denial.

(D.E. 1-2, p. 50).

United States District Judge Ed Kinkeade succinctly summarized the state of the law relating to insurance adjustor liability in the State of Texas in *TnT Gaming Ctr. LLC v. Am. Specialty Ins. & Risk Servs., Inc.*, 759 F. Supp. 3d 742, 750 (N.D. Tex. 2024):

> The Fifth Circuit and "the Texas Supreme Court have both recognized that 'Texas law clearly authorizes [Chapter 541] actions against insurance adjusters in their individual capacities.'" *Waste Mgmt., Inc. v. AIG Specialty Ins. Co.*, 974 F.3d 528, 533 (5th Cir. 2020) (quoting *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007)). However, the Fifth Circuit then acknowledged that courts disagree over which sections of Chapter 541 apply to adjusters. *Id.* at 533-34 (comparing district court decisions). Ultimately, the Fifth Circuit declined to resolve the dispute because the Circuit held that the plaintiff did not allege facts plausibly stating a claim under Chapter 541. *Id.* at 534.
>
> Although there is disagreement amongst courts, this Court has expressly found that adjusters may be individually liable under some of these same provisions of Chapter 541. *E.g.*, *James v. Allstate Fire & Cas. Ins. Co.*, 475 F. Supp. 3d 578, 583 (N.D. Tex. 2020)(Kinkeade, J.) (expressly finding that an adjuster can be individually liable under any act listed in § 541.060); *UGM of Dallas. Inc. v. Harleysville Ins. Co.*, Civ. Action No. 3:22-CV-0607-K, 2022 WL 2345918, at *5 (N.D. Tex. June 29, 2022)(Kinkeade, J.) (same);

*see Kirby v. State Farm Lloyds'*, 663 F. Supp. 3d 656, 666 (N.D. Tex. 2023)(Lindsay, J.) (finding that adjusters may be individually liable under Chapter 541). Moreover, "in the context of a motion to remand, the split in authority regarding the scope of an insurance adjuster's liability under Tex. Ins. Code must be resolved in favor of remand." *Grand Hotel Hosp. LLC v. Certain Underwriters at Lloyd's of London*, Civ. Action No. 3:17-Cv-2820-B, 2018 WL 1932829, at *3 (N.D. Tex. Apr. 24, 2018)(Boyle, J.) (quoting *Roach v. Vehicle*, Civ. Action No. 3:15-CV-3228-G, 2016 WL 795967, at *4 (N.D. Tex. Feb. 29, 2016)(Fish, S.J.)). For these reasons, the Court concludes that the Non-Diverse Defendants can be liable under Chapter 541.

Judge Kinkeade ultimately denied plaintiffs' motion to remand finding the plaintiffs had failed to allege sufficient facts against the individual adjustor defendants to form a reasonable basis to predict that the plaintiffs might recover from these non-diverse defendants.

However, in the present case, Plaintiff has alleged Koontz failed to enter the attic area to inspect the cause of the damage, she took photographs of areas that were not damaged or relevant to the Plaintiff's claim and she accessed areas of the residence she did not have permission to access. Koontz is alleged to have determined the cause of the damage was a leaky roof. Koontz's alleged failure to conduct a reasonable investigation, entering areas to which she did not have permission, and documenting areas where there is not alleged to have been any damage create a reasonable basis to predict recovery against her. Specifically, Plaintiff has stated sufficient facts that Koontz failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim. The facts alleged by Plaintiff against Koontz may support a finding that the denial of the claim was predetermined and done in bad faith.  Whether the discovery and other facts will result in a finding of liability against Koontz is uncertain, however, Plaintiff has stated sufficient

grounds to cause the undersigned to recommend these matters be resolved in the state court.[4]  Defendant State Farm Lloyds has failed to meet its burden establishing complete diversity with respect to Koontz.

In the event the Court disagrees with the undersigned's recommendation concerning the removal being untimely and there being a lack of complete diversity, the undersigned has also addressed the amount in controversy.

### C.  Amount in Controversy

In accordance with Texas Rule of Civil Procedure 47(c)(2), Plaintiff alleges he seeks "monetary relief of $250,000.00 or less, and non-monetary relief." (D.E. 1-2, p. 47). In Plaintiff's Amended Complaint he seeks a declaratory judgment, economic and actual damages, multiple damages under Section 17.50(b)(1) of the Texas Business and Commerce Code, exemplary damages and attorney's fees.   (D.E. 1-2, pp. 63-65). Additionally, in Plaintiff's April 3, 2024, demand letter, Plaintiff offered to settle the case for $94,500.00. (D.E. 1-4, p. 5). Plaintiff explained that at that time actual damages were $71,000.00, statutory treble damages would be $21,000.00 and attorney's fees (not to date) were $2,500.00. (D.E. 1-4, p. 5). Plaintiff specifically noted these amounts did not include damages for mental anguish, punitive damages or attorney's fees. (D.E. 1-4, p. 7).  Plaintiff

---

[4] Regarding Defendant's limitations arguments, Plaintiff has alleged the Defendants misrepresented facts and policy terms, delayed resolution, and then asserted limitations defenses only after two years had passed. Plaintiff alleges that after the claims was initially denied, Plaintiff discovered new evidence and submitted it to Defendants who thereafter denied the claim again on June 4, 2024. (D.E. 1-2, p. 51). State Farm Lloyds has not presented a sufficiently compelling argument on limitations at this stage of the proceedings for the Court to find Plaintiff's claims against Koontz are barred.

now alleges damages are below $75,000.00 because he has since offered to settle the case for $40,0000.00 and he believes damages will be less than $40,000.  Plaintiff's nonbinding estimate that the damages will be less than $40,000 is not controlling or persuasive. Photographs of the damaged area indicate damage to hardwood flooring, a ceiling and a closet. (D.E. 1-9).  Whether Plaintiff will be able to recover repair costs for the damages is uncertain, but the damage is not minimal. Further, the insurance policy at issue is subject to a $216,000.00 limit for the dwelling, including a separate limit of liability for personal property of $186,700.00, and a $64,800.00 limit for loss of use. (D.E. 7-3). While the policy limits are not relevant to the determination of damages, the terms of the policy provide a marker for what is at stake in this litigation. Finally, State Farm Lloyds agreed to remand the case if Plaintiff would stipulate the damages were less than $75,000.00. (D.E. 8, p. 3, D.E. 8-6). Plaintiff did not respond to the request. State Farm Lloyds has established by a preponderance of evidence that the amount at issue exceeds $75,000.00.  Therefore, while the undersigned recommends the case be remanded for being untimely removed and for lack of complete diversity, the undersigned further recommends the amount in controversy should not be included as a reason for remand.

## IV.    CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends Plaintiff's Memorandum and Motion to Remand (D.E. 7) be **GRANTED**.

Respectfully submitted on July 17, 2025.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).